## Commonwealth, to use, v. Kelly

*A. G. Rutherford* and *Ira B. Rutherford,* for petitioner.

*C. J. Reap,* for defendant.

SWOYER, P. J., February 23, 1934.—This matter comes before the court on a rule to show cause why certiorari to M. E. Bolte, justice of the peace, should not be stricken off. No brief has been filed by the respondents to the rule.

The contention of the proponents of the rule is that the certiorari should be quashed for the three following reasons, viz.:

(1) The affidavit on the application for certiorari was made before a notary public.

(2) The certiorari was not taken within five days.

(3) The said certiorari was taken after an appeal had been taken in the same case.

Any one of these contentions is sufficient—if established—to quash the certiorari.

That failure to take the affidavit on the application for a certiorari to a justice of the peace before a judge of the court of common pleas, the prothonotary of the said court, or the justice to whom the certiorari issues, in accordance with the Act of 1810, is a fatal defect is well-settled law: Boden v. Borough of Edgewood, 78 Pitts. 612; Ristau, to use, v. Crew Levick Co. et al., 17 D. & C. 151; Tiers et al. v. Karpeles, 18 Dist. R. 593.

That a certiorari filed after 5 days in this action is too late is not so well settled. Under section 21 of the Act of March 20, 1810, 5 Sm. L. 161, 42 PS § 951, a certiorari may be taken at any time up to 20 days after the rendering of judgment, and in some instances (as where the justice had no jurisdiction in the first instance) no time limit is fixed. In general, the time limit for taking out a certiorari is the same as for filing an appeal, and where the proceeding is brought under an act of assembly a certiorari therefrom must be brought within the time fixed by the act, if any. The present action is brought under the provision of the School Code of 1911. This act is silent as to the time within which a certiorari must be taken, but says as to appeals (sec. 1423) :

"That any person sentenced to pay any such fine may, at any time within five days thereafter, appeal to the court of quarter sessions of the proper county . . ."

It is reasonable to suppose that the time allowed by the act during which a certiorari may be taken is the same as that allowed for an appeal, viz., 5 days.

Upon the last contention, the courts appear to have uniformly held that both an appeal and a certiorari cannot be taken in the same case, and that where an appeal has been filed a subsequent certiorari will be quashed: Sam v. Czepull, 29 Dist. R. 590; Russell v. Shirk, 3 Pa. C. C. 287.

*Order*

Now, to wit, February 23, 1934, for the reasons hereinbefore set forth, the rule in the above stated case to show cause why the said certiorari should not be quashed is made absolute, the said certiorari is non prossed, and the record is remitted to M. E. Bolte, justice of the peace, for such action as the circumstances may require.